GREGORY L. KIRAKOSIAN   (SBN 294580)
 [greg@kirakosianlaw.com]
**KIRAKOSIAN LAW, APC**
11684 VENTURA BLVD., SUITE 975
STUDIO CITY, CALIFORNIA 91604
TELEPHONE: (213) 986-5389
FACSIMILE:  (213) 477-2355

*Attorneys for Plaintiff,*
TERRENCE JOHNSON

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE JOHNSON,<br><br>           Plaintiff,<br><br>   vs.<br><br>COUNTY OF RIVERSIDE, and DOE DEPUTIES 1-10,<br><br>         Defendants, | **Case No.:  5:25-cv-00738**<br><br>**PLAINTIFF'S  COMPLAINT FOR DAMAGES**<br><br>1. Unlawful Search and Seizure (42 U.S.C. § 1983);<br>2. Excessive Force (42 U.S.C. § 1983);<br>3. Failure to Prevent Violation of Others (42 U.S.C. § 1983);<br>4. Negligence;<br>5. Battery; and<br>6. Violation of the Bane Act (Cal. Civ. Code § 52.1);<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.      Plaintiff Terrence Johnson ("Plaintiff"), hereby files this Complaint for Damages against County of Riverside, and DOE Deputies 1-10.

2.      As discussed in further detail herein, this Complaint arises out an incident that occurred on June 21, 2024, at or near driveway of Plaintiff's residence, located at 32675 Mission Trail, in the City of Lake Elsinore, in the County of Riverside. Plaintiff alleges that the Defendants' conduct constituted or led to the unlawful stop, search, and seizure with the use of excessive force, and accompanying State law violations against Plaintiff.

**JURISDICTION AND VENUE**

3.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff's claims arises under the laws of the United States, including the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983.

4.      This Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Riverside, California, and because all Defendants reside in the County of Riverside, California.

6.      Defendant County of Riverside was timely served with a claim for damages on or about October 2, 2024, pursuant to California Government Code §§ 910 and 911, *et seq.* The claim for damages was rejected on or about 45 days thereafter. In accordance with Government Code § 945.6, Plaintiff hereby timely file this Complaint within six months of the date of that rejection.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## PARTIES AND GENERAL ALLEGATIONS

7.    At all relevant times, the individual Plaintiff Terrence Johnson was residing in the County of Riverside, California.

8.    At all relevant times, DOE Deputies 1-10, were individuals residing in the County of Riverside, California. Hereinafter, these Defendants will be referred to collectively as the "Individual Deputies."

9.    At all relevant times, the Individual Deputies were acting under the color of law within the course and scope of their employment and duties as agents for Defendant County of Riverside. At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, Defendant County of Riverside. Pursuant to California Government Code Section 815.2, Defendant County of Riverside is vicariously liable for the acts, omissions and conduct of its employees.

10.    At all relevant times, Defendant County of Riverside is and was a governmental entity organized and existing under the laws of the State of California in the County of Riverside, California. Herein after, the Individual Deputies and County of Riverside will be collectively referred to as "Defendants".

11.    At all relevant times, County of Riverside is and was a chartered subdivision of the State of California with the capacity to be sued. County of Riverside is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents and agencies, including its own police force and its agents and employees, including the Individual Deputies. At all relevant times, Defendant County of Riverside was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its police force and its employees and agents complied with the laws of the United States and of the State of California, including the Individual Deputies.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

12.    The true names and/or capacities of the Individual Deputies designated as DOES are unknown to Plaintiff at this time and therefore Plaintiff files this Complaint against said DOE Defendants by such fictitious names. Plaintiff will seek leave of Court to amend the Complaint to identify the true names and capacities of said DOE Defendants when their names are ascertained.

13.    Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times,   each Defendant is the agent, employee, alter ego, servant, successor-in-interest and/or joint venturer of each other defendant and that in doing the things herein alleged, each Defendant was acting within the course, scope, and authority of such agency, employment, service, successor-in-interest and/or joint venture.

14.    Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant is contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth herein. Plaintiff

15.    Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant acting as a employer or principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor-in-interest, and/or joint venturer. Further, the acts of each Defendant, were consented to, ratified and/or authorized and confirmed by each other defendant.

16.    Plaintiff is informed and believes, and upon such information and belief, alleges that, the acts of each Defendant was fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiff is informed and believes, and upon such information and belief, alleges that, the actions, failures to act, and breaches alleged herein are attributed to one or more Defendant was approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

## **SHORT STATEMENT OF INCIDENT**

17.    The "Incident" at issue in this action occurred on June 21, 2024, at approximately 8:00 PM, at or near driveway of Plaintiff's residence, located at 32675 Mission Trail, in the City of Lake Elsinore, in the County of Riverside.

18.    On June 21, 2024, at approximately 8:00 pm, Plaintiff was parking his vehicle in the driveway of his home, when he heard helicopters and other police presence over the field adjacent to his property. Plaintiff saw a deputy and as a joke said, "I hope you find who you are looking for." An unknown deputy responded, "we already found him."

19.    Several minutes later while Plaintiff was walking into his house, he noticed flashing lights and what he believed was a deputy approaching. Without hearing any warning, commands, or otherwise, Plaintiff was tackled by DOE Deputy 1.

20.    Moments later, several additional deputies along with DOE Deputy 1 unlawfully seized Plaintiff without a reasonable suspicion or probable cause with the use of extreme and excessive force. Plaintiff repeatedly asked, "what's going on?" or "why are you doing this?" to which the deputies responded with "Shut up!"

21.    Plaintiff was searched, and then released without any explanation, warning, citation, or otherwise. As a result of the foregoing conduct and excessive force, Plaintiff's civil rights were violated, and he sustained injuries to his knee and required hospitalization for nearly ten days.

22.    As a result of the foregoing, Plaintiff suffered damages including, but not limited to: past and future economic and non-economic losses and the violation of Plaintiff's State and Federal civil rights.

23.    For the conduct alleged above, Plaintiff hereby bring the following causes of action:

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## FIRST CLAIM FOR RELIE

### Unlawful Search and Seizure in Violation of 42 U.S.C. § 1983

(*Plaintiff Against All Individual Deputies*)

24.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

25.    On June 21, 2024, the Individual Deputies stopped, searched, and seized the Plaintiff's person.

26.    The Individual Deputies searched and seized Plaintiff's person and property, and did so intentionally, in that the Individual Deputies acted with a conscious objective to search and seize Plaintiff.

27.    At all relevant times, the encounter was not a consensual encounter, but a search and seizure in which Plaintiff was not at liberty to ignore the police presence and go about Plaintiff's business.

28.    At all relevant times before the Individual Deputies conducted the search and seizure, the Individual Deputies did not have a warrant to conduct the search and seizure.

29.    At all relevant times before and at the time the Individual Deputies conducted the search and seizure, the Individual Deputies did not have the express consent of Plaintiff to conduct the search and seizure.

30.    At all relevant times before, during, and after the Individual Deputies conducted the search and seizure, the Individual Deputies did not state any reason or basis as to why the seizure was needed, necessary, reasonable, or lawful.

31.    At all relevant times before the Individual Deputies conducted the seizure, the Plaintiff had not, did not, and was not about to commit any crime. Moreover, Plaintiff is informed and believes, and upon such information and belief, alleges that the Individual Deputies observed no facts or circumstances that would lead a reasonable law enforcement officer to believe that Plaintiff had, did, or was about to commit any crime.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

32.    At all relevant times before the Individual Deputies conducted the seizure, the Plaintiff was not subject to a lawful arrest.

33.    At all relevant times before and at the time the Individual Deputies conducted the search and seizure, there was no lawful or justifiable basis that would justify the scope or length of the search and seizure.

34.    At all relevant times before and at the time the Individual Deputies conducted the search and seizure, there were no facts apparent to the Individual Deputies that would lead the Individual Deputies to believe that Plaintiff's might gain possession of a weapon.

35.    At all relevant times before the Individual Deputies conducted the search and seizure, there were no facts apparent to the Individual Deputies that would lead the Individual Deputies to reasonably believe that Individual Deputies might destroy or hide evidence.

36.    At all relevant times before the Individual Deputies conducted the search and seizure, there were no facts apparent to the Individual Deputies that would lead the Individual Deputies to reasonably believe that there were any exigent circumstances where there was insufficient time to get a search warrant.

37.    When conducting the search and seizure, the Individual Deputies violated Plaintiff's  rights to be secure against unreasonable searches and seizures as guaranteed to Plaintiff under both State law and the Fourth Amendment to the United States Constitution.

38.    The Individual Deputies conducted the search and seizure, as described herein, and did so intentionally, in that it was their conscious objective to search and seize Plaintiff.

39.    Based on the objective facts readily available and known to the Individual Deputies, no reasonable conclusion could be drawn that Plaintiff had committed, was committing, or was about to commit any crime.

40.    Based on the objective facts readily available and known to the Individual

KIRAKOSIAN LAW, APC

Deputies, no reasonable conclusion could be drawn to conclude that the search and seizure was reasonable or lawful under the circumstances.

41.    Although not required as proof of the unlawful search and seizure, Plaintiff alleges that the Individual Deputies acted with either the knowledge and intent to violate Plaintiff's civil rights, or with a reckless disregard that their intentional actions would likely lead to the violation of Plaintiff's civil rights.

42.    Individual Deputies violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

43.    The Individual Deputies  knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

44.    The Individual Deputies  knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

45.    The Individual Deputies  disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

46.    As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

47.    As described above, conduct and actions of the Individual Deputies deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

48.    Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

KIRAKOSIAN LAW, APC

49.    The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

## SECOND CLAIM FOR RELIEF

### Excessive Force in Violation of 42 U.S.C. § 1983

(*Plaintiff Against All Individual Deputies*)

50.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

51.    As alleged herein, on June 21, 2024, the Individual Deputies seized Plaintiff's person.  When doing so, the Individual Deputies did so with the use of unnecessary, unreasonable, and excessive force.  Specifically, the Individual Deputies tackled and detained Plaintiff with such force that it caused Plaintiff to suffer multiple injuries to Plaintiff's knee and required hospitalization for nearly ten days.

52.    At all relevant times, the Individual Deputies had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm and not to expose persons to reasonably foreseeable risks of injury, including, but not limited to, the use of excessive force that caused harm to Plaintiff.

53.    Neither the basis for the seizure nor the methods used to conduct the seizure were legal, justifiable, reasonable, or based on any reasonable or probable cause.

54.    At all relevant times and specifically at the time that force was used:

a.    The nature of the crime or other circumstances known to the Individual Deputies was not of the type that would lead a reasonable law enforcement

KIRAKOSIAN LAW, APC

officer to believe that the extent of the force used was reasonable, lawful, necessary, or justifiable;

b.    The Plaintiff was not engaged in any conduct that would lead a reasonable law enforcement officer to believe that Plaintiff posed an immediate threat to the safety of the Individual Deputies or to others;

c.    The Plaintiff was not engaged in any conduct that would lead a reasonable law enforcement officer to believe that Plaintiff were actively resisting arrest or attempting to evade arrest by flight;

d.    The Individual Deputies had a reasonable amount of time that would lead a reasonable law enforcement officer to determine that a less intrusive and less excessive amount of force would accomplish the lawful objectives of the Individual Deputies.

e.    No reasonable law enforcement officer would determine that the amount of force used by the Individual Deputies was reasonable or necessary given the need for the use of force;

f.    The Individual Deputies made no efforts to temper or limit the amount of force used, and in fact, had equally effective and available alternative methods to accomplish the lawful (or even unlawful) objectives of the Individual Deputies;

g.    There was no ongoing criminal actions, violent actions, or security problems that would lead a reasonable law enforcement officer to believe that the amount of force used by the Individual Deputies was reasonable, lawful, necessary, or justifiable;

h.    There were no officers or persons' lives which were at risk by the circumstances or conduct by Plaintiff that would lead a reasonable law enforcement officer to believe that the extent of the force used was reasonable, lawful, necessary, or justifiable;

KIRAKOSIAN LAW, APC

i.    It was practical for a reasonable law enforcement officer to give warnings of an imminent intention to use such a degree of force, yet the Individual Deputies failed to give such warning;

j.    There was no probable cause for a reasonable officer to believe that Plaintiff had engaged in any violent or threatening conduct, nor were the Individual Deputies responding to any calls arising from alleged violence.

55.    The Individual Deputies violated Plaintiff's State and Federal civil rights by using excessive force when the Individual Deputies violently, recklessly, and needlessly escalated an encounter into one with the use of extreme physical force.

56.    No objective facts readily available and known to the Individual Deputies could have reasonably led a reasonable law enforcement officer to conclude that the use of force upon Plaintiff was reasonable, lawful, or justified.

57.    Further, the Defendants' actions and use of force violated not only their training and standard police officer training, but all common sense and human decency.

58.    Defendants' unjustified excessive use of force deprived Plaintiff of rights to be secure against unreasonable use of force as guaranteed under State law and the Fourth Amendment of the United States Constitution.

59.    The Individual Deputies knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiff.

60.    The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

61.    The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

62.    The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

KIRAKOSIAN LAW, APC

63.    As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

64.    As described above, conduct and actions of the Individual Deputies deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

65.    Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

66.    The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

## THIRD CLAIM FOR RELIEF

### Failure to Prevent Violations of Others in Violation of 42 U.S.C. § 1983

(*Plaintiff Against All Individual Deputies*)

67.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

68.    As described herein, the Individual Deputies violated Plaintiff's civil rights.

69.    As Plaintiff's rights were being violated, the Individual Deputies were present and witnessed the conduct of each other Defendant.

70.    Based on the facts readily available and known to the Individual Deputies,

KIRAKOSIAN LAW, APC

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

no reasonable conclusion could be drawn that the conduct of each other Defendant was lawful or justified.

71.    The Individual Deputies had an affirmative duty to preserve the peace and protect Plaintiff's right to be free from harm and the violation of Plaintiff's rights. This includes the duty to stop others from violating the law and specifically from unlawfully searching, seizing, detaining, and arresting individuals, including the Plaintiff.

72.    The Individual Deputies were in a position and had the ability to stop the unlawful conduct against Plaintiff and had knowledge or should have known that his rights were being violated.  However, the Individual Deputies intentionally refused to act, failed to prevent it, and allowed the conduct to continue.

73.    The Individual Deputies knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiff.

74.    The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

75.    The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

76.    The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

77.    As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

78.    As described above, conduct and actions of the Individual Deputies deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as

KIRAKOSIAN LAW, APC

KIRAKOSIAN LAW, APC

described herein.

79.    Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

80.    The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

## FOURTH CLAIM FOR RELIEF

### Negligence

*(Plaintiff Against All Defendants)*

81.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

82.    At all relevant times, the Individual Deputies  had a duty to use reasonable care in their interaction with the Plaintiff and to ensure he is free from foreseeable risks of harm and not to expose him to reasonably foreseeable risks of injury, including, but not limited to, causing harm to Plaintiff as alleged herein.

83.    As described herein, the Individual Deputies breached that duty of care owed to the public and to the Plaintiff by failing to act with the requisite care required and engaging in the violation of Plaintiff's State and Federal claims as set forth in further detail herein.

84.    The Individual Deputies knew, or in the exercise of ordinary and reasonable care should have known, that their conduct posed a significant risk of harm to Plaintiff's.

85.    Based on the objective facts readily available and known to the Individual Deputies, no reasonable conclusion could be drawn to conclude that the search and seizure was reasonable or lawful under the circumstances.

86.    Individual Deputies violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

87.    The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

88.    The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

89.    The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

90.    As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

91.    At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, Defendant County of Riverside. Pursuant to California Government Code Section 815.2, Defendant County of Riverside is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

## FIFTH CLAIM FOR RELIEF

### Battery

*(Plaintiff Against All Defendants)*

92.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

93.    As alleged herein, on June 21, 2024, the Individual Deputies seized

KIRAKOSIAN LAW, APC

Plaintiff's person.  When doing so, the Individual Deputies did so with the use of unnecessary, unreasonable, and excessive force.  Specifically, the Individual Deputies tackled and detained Plaintiff with such force that it caused Plaintiff to suffer multiple injuries to Plaintiff's knee and required hospitalization for nearly ten days.

94.    At all relevant times, the Individual Deputies had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm and not to expose such person to reasonably foreseeable risks of injury, including, but not limited to, the use of excessive force that caused harm to Plaintiff.

95.    Neither the basis for the seizure nor the methods used to conduct the seizure were legal, justifiable, reasonable, or based on any reasonable or probable cause.

96.    The Individual Deputies violated Plaintiff's State and Federal civil rights by using excessive force when the Individual Deputies violently, recklessly, and needlessly escalated an encounter into one with the use of extreme physical force.

97.    No objective facts readily available and known to the Individual Deputies could have reasonably led a reasonable law enforcement officer to conclude that the use of force upon Plaintiff was reasonable, lawful, or justified.

98.    Further, the Individual Deputies actions and use of force violated not only their training and standard police officer training, but all common sense and human decency.

99.    Defendants' unjustified excessive use of force deprived Plaintiff of rights to be secure against unreasonable use of force as guaranteed under State law and the Fourth Amendment of the United States Constitution.

100.  As described in further detail herein, the Individual Deputies intentionally made physical and offensive contacts toward Plaintiff which he did not consent.

101.  The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

102.  The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

103.  The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

104.  As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

105.  At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, Defendant County of Riverside. Pursuant to California Government Code Section 815.2, Defendant County of Riverside is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

106.  The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

## SIXTH CLAIM FOR RELIEF

### Violation of the Bane Act

(*Plaintiff Against All Defendants*)

107.  Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

108.  California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional

KIRAKOSIAN LAW, APC

rights by threats, intimidation, or coercion (including by violating a person's rights against unlawful searches and seizures, excessive force, and other civil rights violations enumerated herein).

109.  Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

110.  The Bane Act, the California Constitution and California common law prohibit the use of excessive force, wrongful detention and arrest, and other civil rights violations by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. The Individual Deputies violated Plaintiff's State and Federal rights as described in detail herein, all of which acts were done intentionally and with a reckless disregard for Plaintiff's rights.

111.  The conduct of the Individual Deputies was a substantial factor in causing the harm, losses, injuries, and damages of Plaintiff as described herein.

112.  Defendant Individual Deputies, while working as police officers for the County of Riverside, and acting within the course and cope of their duties, interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable searches and seizures, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

113.  The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

114.  The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of

KIRAKOSIAN LAW, APC

emotional distress.

115.  The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

116.  As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

117.  At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, Defendant County of Riverside. Pursuant to California Government Code Section 815.2, Defendant County of Riverside is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

118.  The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

119.  Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to California Civil Code, Section 52.1 et seq.

/ / /

PLAINTIFF'S COMPLAINT FOR DAMAGES

**<u>DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff Terrence Johnson hereby demands a jury trial on all causes of action and prays for relief and judgment against County of Riverside and its Individual Deputies as follows:

1.  For past and future general damages in an amount to be determined by proof at trial;

2.  For past and future special damages in an amount to be determined by proof at trial;

3.  For punitive and exemplary damages against the Individual Deputies;

4.  For reasonable attorneys' fees and costs as provided by statute;

5.  For all penalties  and other special damages as allowable by law;

6.  For costs of suit incurred herein;

7.  For interest; and

8.  For such other and further relief as the Court deems just and proper.

Date:  March 21, 2025

**KIRAKOSIAN LAW,  APC**

By _____
GREG L. KIRAKOSIAN
RAFFI S. BATANIAN
*Attorneys for Plaintiff,*
TERRENCE JOHNSON

KIRAKOSIAN LAW, APC

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KIRAKOSIAN LAW, APC